18-2483
CWCapital Cobalt Vr Ltd. v. Fed. Home Loan Mortg. Corp. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand nineteen.

PRESENT:
>       PIERRE N. LEVAL,
>       SUSAN L. CARNEY,
>               *Circuit Judges*,
>       TIMOTHY C. STANCEU,
>               *Judge*.*

_____

CWCAPITAL COBALT VR LTD.,

>       *Proposed Intervenor–Appellant*,

>       v.                                                      No. 18-2483

 U.S. BANK NATIONAL ASSOCIATION,

>       *Petitioner*,

>       v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, "Freddie Mac",
FEDERAL NATIONAL MORTGAGE ASSOCIATION, "Fannie Mae",

_____

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

1

CWCAPITAL ASSET MANAGEMENT LLC, "CWCapital",
APPALOOSA INVESTMENT L.P.I. AND PALOMINO MASTER LTD., "Appaloosa",

   *Respondents–Appellees*,

PSW NYC LLC,

   *Respondent.*†

_____

| | |
|---|---|
| FOR PROPOSED INTERVENOR–APPELLANT: | DAVID J. GRAIS (Maria Heifetz, *on the brief*), Grais & Ellsworth LLP, New York, NY. |
| FOR RESPONDENTS–APPELLEES: | GREGORY ALLAN CROSS (Colleen Mallon Casse & Mitchell Y. Mirviss, *on the brief*), Venable LLP, Baltimore, MD (*for* CWCapital Asset Management LLC). |
| | THOMAS E. REDBURN JR. (Lawrence M. Rolnick, Michael J. Hampson, & Maya Ginsburg, *on the brief*), Lowenstein Sandler LLP, New York, NY (*for* Appaloosa Investment L.P.I. and Palomino Master Ltd.). |
| | Neil R. Lieberman & Laura S. Aronsson, Holwell Shuster & Goldberg LLP, New York, NY (*for* Federal Home Loan Mortgage Corporation). |
| | Christopher P. Johnson, McKool Smith, P.C., New York, NY (*for* Federal National Mortgage Association). |

† The Clerk of Court is directed to amend the caption as above.

Appeal from an order of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on August 15, 2018, is **AFFIRMED**.

Proposed Intervenor-Appellant CWCapital Cobalt Vr Ltd. ("Cobalt") appeals from the order of the District Court (Failla, *J.*) denying its motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Cobalt holds junior certificates issued by several commercial mortgage-backed securities ("CMBS") trusts that were created to facilitate the financing of a 2006 purchase of Stuyvesant Town-Peter Cooper Village ("Stuy Town"), a residential complex in New York City. Appellees, which opposed the motion to intervene, are respondents in the pending proceeding. They are Appaloosa Investment L.P.I. and Palomino Master Ltd. ("Appaloosa"), which hold junior certificates; the Federal Home Loan Mortgage Corporation ("Freddie Mac") and the Federal National Mortgage Association ("Fannie Mae," together, "the GSEs"), which hold senior certificates; and CWCapital Asset Management LLC ("CWCAM"), which acts as the special servicer of the CMBS trusts.

The dispute before the District Court concerns the correct allocation of more than $600 million in proceeds generated by the 2015 sale of Stuy Town. CWCAM argues that most of these proceeds must be allocated to it as "penalty interest" under the relevant contract, and the GSEs, aligned with CWCAM, contend that the remainder of these proceeds (after payment of the claimed "penalty interest") must be allocated to them as "yield maintenance charges" under the same contract. Appaloosa protests, urging that some or all of the disputed proceeds should be treated as "gain-on-sale" under the contract, and therefore must flow to junior certificateholders including Appaloosa and Cobalt.

3

The record suggests that, in 2015, certificateholders were sent notice of the trustee's initiation of the proceedings at the time of the sale. On March 9, 2018, more than two years later, the District Court denied the parties' cross-motions for judgment on the pleadings. Three weeks later, on March 30, Cobalt moved to intervene. On May 23, the District Court rendered an oral decision denying Cobalt's motion. Three months later, upon Cobalt's request, the District Court entered a written order denying the motion. Cobalt then appealed. Since then, Appaloosa, the GSEs, and CWCAM have completed discovery and briefed cross-motions for summary judgment.

Our circuit treats the district court's denial of a motion to intervene as a final order appealable under 28 U.S.C. § 1291. *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). We review a District Court's denial of a motion to intervene for abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) ("Because of the fact-intensive nature of an intervention decision, we review for 'abuse of discretion' a district court's order denying intervention as of right or by permission." (citing *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996))).

To obtain intervention as of right under Federal Rule of Civil Procedure 24(a)(2), the putative intervenor must establish that:

> (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006). Cobalt argues that the District Court erred in ruling that Cobalt failed to establish the first (timeliness) and fourth (adequate representation) elements.

We have ruled that a timeliness analysis in the intervention context should take the form of a balancing exercise, and we vest substantial discretion in the district court that is conducting that exercise:

> [T]he timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion. It defies precise definition, although it certainly

4

is not confined strictly to chronology. Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

*Floyd*, 770 F.3d at 1058 (internal citations and quotation marks omitted). We note some overlap between the timeliness factors identified in *Floyd* and the four intervention-as-of-right factors identified in *Mastercard*. We discuss each timeliness factor in turn.

*(a) Time elapsed before motion filed.* Cobalt does not deny that it had notice of the suit upon its filing in December 2015, as Appellees argue. It alleges, however, that it was under the control of an affiliate of CWCAM in December 2015 continuing through May 2017, and that this circumstance accounts for much of its delay in seeking to intervene until March 2018. We need not address the merits of that argument, however, because we agree with the District Court that the length of the delay between the summer of 2017 (when Cobalt claimed to have received notice of the litigation) and March 2018 (when Cobalt sought to intervene) was enough to support a finding of untimeliness. The extensive intervening activity underscores the significance of the delay: the parties' briefing on the cross-motions for judgment on the pleadings and the District Court's decision on those motions. This lengthy period of silence remains unpersuasively explained by Cobalt except as partially consisting of a period of investigation. Such extended reticence with regard to the court proceedings tends to undercut the urgency that Cobalt now seeks to convey.

This Court has in the past affirmed denials of intervention on timeliness grounds after an eight-month delay. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) (discussing denials of intervention after delays ranging from eight months to eighteen months). We identify no error in the District Court's analysis of this factor.

*(b) Prejudice to existing parties.* Cobalt next argues that the District Court clearly erred in finding that its intervention would prejudice existing parties. It contrasts the court's denial of its motion in 2018 with the court's favorable timeliness ruling in May 2017 on another investor's intervention motion. Cobalt argues that the only relevant event that transpired

5

between May 2017 and March 2018 to account for the differing outcome—the District Court's denial of the cross-motions for judgment on the pleadings—left the parties in the same position as they had occupied in May 2017. It urges that the delay was therefore inconsequential.

The District Court explained the differing outcomes, however, by observing that the intervening cross-motions for judgment on the pleadings had narrowed the issues in the case and had focused the parties on particular points of ambiguity in the relevant agreements. It reasonably predicted that Cobalt's belated intervention would broaden the issues, causing prejudice to the parties by undermining the work already completed and delaying the proceedings.

We discern no flaw in that analysis, which the District Court made drawing on its close familiarity with the contours of the case and its knowledge of the parties. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("Because of the variety of factual circumstances that face a district court called upon to decide whether to grant or deny a motion to intervene, and the close proximity of that court to the case's nuances, it has the advantage of having a better 'sense' of the case than we do on appeal.").

*(c) Prejudice to the applicant.* Cobalt argues that Appaloosa does not adequately represent its interests, with the result that Cobalt will suffer substantial prejudice if not allowed to intervene. We are not persuaded.

None dispute that Appaloosa and Cobalt share an interest in achieving what can be called a "best-case scenario" outcome: that the entirety of the disputed proceeds be classified as "gain-on-sale." It is also the case that their interests may diverge if the District Court rejects that best-case scenario: Cobalt will begin to benefit if *any* of the proceeds are classified as "gain-on-sale," while Appaloosa will begin to benefit *only if* more than approximately $400 million is classified as "gain-on-sale." We agree with the District Court that, although Cobalt and Appaloosa's interests are not identical, Appaloosa nevertheless can be expected to substantially protect Cobalt's interests in this litigation.

6

Arguing otherwise, Cobalt outlines merits arguments that it would make if allowed to intervene, but which, it argues, Appaloosa has no incentive to make. Its first example concerns the accrual of "penalty interest": that "penalty interest" ceased to accrue when the foreclosure judgment was entered but then began to accrue again when the foreclosure judgment was abandoned. But the District Court reasonably labelled this issue "secondary" to the issue of whether the proceeds were gain-on-sale or penalty interest and, further, noted that Appaloosa had raised a similar argument and expressly addressed the question of abandonment. Special App'x 9-10. Its second example is Cobalt's argument that CWCAM improperly omitted certain deductions from its calculation of "penalty interest." Yet Cobalt admits that this argument was raised by Appaloosa in its objection and answer to the original petition in the case. Appellant's Br. at 30.

In sum, though we agree with Cobalt that some prejudice to it may result from being denied intervention, we are also convinced that the District Court understood the potential for some limited divergence between Appaloosa's and Cobalt's interests and carefully weighed any chance of prejudice against the two factors discussed above. We perceive no abuse of discretion in the District Court's treatment of this factor.

*(d) Unusual circumstances.* Finally, the District Court did not identify any "unusual circumstances" presented by this case. We have discussed above the only unusual circumstance flagged on appeal: the alleged control until May 2017 of Cobalt by an affiliate of CWCAM. It lends no further persuasive weight to Cobalt's position.

In short, taking into account (a) Cobalt's delay in filing its motion to intervene; (b) the court's reasonable perception that Cobalt's intervention would delay the proceedings and require the court to take up additional issues; (c) the court's reasonable conclusion that, at least in present circumstances,[1] Cobalt's interests are adequately represented by parties in the

---

[1] We recognize that circumstances may change in the future such that Appaloosa may no longer be counted on to represent Cobalt's interests. In such circumstances, Cobalt should be allowed to renew its application to intervene. In addition, the District Court should consider whether Cobalt or its counsel should be allowed access to discovery under conditions of confidentiality, so that Cobalt may be a position to advise the court if such circumstances arise.

litigation, we conclude that the District Court was within its discretion in denying the motion to intervene.

\* \* \*

We have considered all of Cobalt's remaining arguments and conclude that they are without merit. The District Court's order is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court